**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**Eman Shaban**

      Plaintiff,

v.                                                                          CASE NO: 3:26-cv-782

Torres Towing, LLC;
Secure Collateral Management, LLC;
Ally Financial, Inc

      **Defendants.**

## COMPLAINT

## JURISDICTION, VENUE, and JURY DEMAND

1.  This court has jurisdiction pursuant to 28 USC 1331, federal question.

2.  The court has jurisdiction over the state law claims under 28 USC 1367, supplemental jurisdiction because it is related to the primary action.

3.  The court has personal jurisdiction over the defendants, as they regularly transact business here, such that they should reasonably expect to be haled into court here.

4.  This is the correct venue for this action, because the plaintiff resides in the County of Henrico and the majority, if not the entirety of the actions occurred in the Eastern District of Virginia..

5.  Trial by jury is demanded on all counts and causes of action for which a jury may hear the action.

## PARTIES

6.  Plaintiff is a resident of the County of Henrico, Virginia.

7.  Ally Financial, Inc (Ally) is a finance company that is registered with the State Corporation Commission in Virginia.

8.   Ally, is a foreign entity authorized to conduct business in the Commonwealth of Virginia.

9.   Secure Collateral Management, INC, DBA Secure Collateral Management, LLC, (SCM) is a servicing agent for repossession of automobiles.

10.   SCM is a foreign corporation NOT authorized to do business in Virginia, and is NOT registered with the Virginia State Corporation Commission.

11.   Torres Towing, LLC ("Torres Towing") is a repossession and towing company based in Suffolk, Virginia.

12.   Torres Towing is a domestic corporation, authorized to do business in Virginia, and is registered with the State Corporation Commission.

## FACTS

13.   In December 2025, Plaintiff purchased a vehicle, from an individual.

14.   The individual sold plaintiff a 2023 Toyota Camry with VIN# ending xxx180486. On information and belief, the title was clear of liens or defects.

15.   The purpose of the purchase was for plaintiff;s minor child to get to school and part time job.

16.   Plaintiff paid cash.

17.   There is no lien on the title.

18.   At some time prior to the July 28, 2026, Ally, believing that the vehicle was financed by them, and that the loan was delinquent, contacted SCM, to initiate a repossession. The documents indicate that the borrower may be named Zeal Torres.

19.   On information and belief, SCM conducted a "skip trace" and discovered that the vehicle with the VIN number of the plaintiff had been registered with DMV.

20.	SCM forwarded the repossession order to Torres Towing, and provided a license plate for vehicle.

21.	Torres Towing took possession of the vehicle on July 28, 2026, and on information and belief refuses to return the vehicle or any of the contents to the vehicle.

22.	Plaintiff has communicated with Ally and with Torres, who have admitted that they have possession of the vehicle.

23.	Torres refused to allow plaintiff access to the vehicle.

24.	Torres refused to allow plaintiff access to her personal belongings.

25.	Plaintiff has had to make alternative arrangements for transportation for the minor child to go to work and (shortly) school at her personal expense.

26.	Further, plaintiff has suffered mental and emotional distress damages.

## COUNT 1 – ILLEGAL REPOSSESSION
### (ALL Defendants)

27.	Plaintiff restates and realleges the above paragraphs.

28.	The defendants, without legal basis, dispossessed plaintiff of her property and failed or refused to return such to her after lawful demand.

29.	Plaintiff has suffered damages as a result.

## COUNT 2 – VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT
### (SCM and Torres Towing ONLY)

30.	Plaintiff restates and realleges the above paragraphs.

31.	Defendants have violated the Fair Debt Collection Practices Act, 15 USC 1692 et seq, in that they dispossessed the plaintiff of her property without legal basis.

a.  Specifically, SCM and Torres Towing took (or threatened to take) non-judicial action to effect the dispossession (or disablement) of property when there was no present right to possession of the claimed property.

32.  Plaintiff demands actual damages, statutory damages, attorney fees and costs.

## COUNT 3 - INJUNCTION AGAINST EFFORTS TO DISPOSSESS THE PLAITNIFF FROM THE PROPERTY
### (ALL Defendants)

33.  Plaintiff restates and realleges the above paragraphs.

34.  Plaintiff will be irreparably harmed if she is permanently dispossessed of the vehicle and other personal items that were the contents of the vehicle.

35.  Plaintiff demands an injunction against dispossession of the property, and costs.

**WHEREFORE**, Plaintiff prays the Court to enjoin the defendants from dispossessing the plaintiff from the property; AND actual damages, statutory damages, punitive damages, attorney fees and costs.

Eman Shaban

By:  _/s/ Jason M. Krumbein, Esq._
Jason M. Krumbein, Esquire (VSB#43538)
Krumbein Consumer Legal Services
10307 W. Broad St. Suite 293
Glen Allen, VA 232060
Tel: 804.592.0792
Fax: 804.823.2565
JKrumbein@KrumbeinLaw.com e-mail

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been mailed and faxed to

Torres Towing, LLC
R/a Ramon Torres Sanchez
706 Keppel Dr
Newport News, VA 23608
Fax:
Email: Support@TorresAutoRecovery.com

Ally Financial, Inc.
R/A CT Corporation System
4701 Cox Rd. Suite 285
Glen Allen, VA 23060
Fax: 866-584-2048

Secure Collateral Management, LLC

9330 Lyndon B. Johnson Fwy #700
Dallas, TX 75243
Fax: 469-608-6799

Dated:  5 August 2026.

By:  /s/ Jason M. Krumbein, Esq.
Jason M. Krumbein, Esquire (VSB#43538)
Krumbein Consumer Legal Services
10307 W. Broad St. Suite 293
Glen Allen, VA 232060
Tel: 804.592.0792
Fax: 804.823.2565
JKrumbein@KrumbeinLaw.com e-mail