**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**EMAN SHABAN,**

***Plaintiff,***

**v.** **Civil Action No. 3:26-cv-782**

**TORRES TOWING, LLC, et al.,**

***Defendants*.**

**ALLY FINANCIAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Ally Financial Inc. ("Ally"), by counsel, submits its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Eman Shaban ("Plaintiff").

Ally denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Ally states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any allegations as they relate to the actions of third parties and therefore denies the same. Ally further states that its investigation of the present matter is ongoing. Accordingly, Ally reserves the right to amend this Answer. In response to the numbered paragraphs in the Complaint, Ally states as follows:

**JURISDICTION, VENUE, and JURY DEMAND**

1. The allegations in Paragraph 1 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

2. The allegations in Paragraph 2 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they

are denied.

3. The allegations in Paragraph 3 of the Complaint contain statements and conclusions of law which no response is required. To the extent the allegations are contrary to the law, they are denied. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 3 of the Complaint as they pertain to the co-defendants, and it therefore denies the same.

4. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 4 of the Complaint as they pertain to the Plaintiff, and it therefore denies the same.

5. Ally admits that Plaintiff has demanded a trial by jury.

**PARTIES**

6. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 6 of the Complaint as they pertain to the Plaintiff, and it therefore denies the same.

7. In response to the allegations set forth in Paragraph 7 of the Complaint, Ally admits it is a corporation registered with the State Corporation Commission in Virginia. The remaining allegations set forth in Paragraph 7 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

8. Ally admits that it is authorized to conduct business in the Commonwealth of Virginia.

9. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 9 of the Complaint as they pertain to a co-defendant, and it therefore denies the same.

10. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 10 of the Complaint as they pertain to a co-defendant, and it therefore denies the same.

11. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 11 of the Complaint as they pertain to a co-defendant, and it therefore denies the same.

12. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 12 of the Complaint as they pertain to a co-defendant, and it therefore denies the same.

## **FACTS**

13. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 13 of the Complaint, and it therefore denies the same.

14. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 14 of the Complaint, and it therefore denies the same.

15. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 15 of the Complaint, and it therefore denies the same.

16. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 16 of the Complaint, and it therefore denies the same.

17. The allegations set forth in Paragraph 17 of the Complaint refer to documents which speak for itself and contain statements or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law or documents, the allegations are denied.

18. The allegation set forth in Paragraph 18 of the Complaint are denied as phrased. Ally admits that it financed the vehicle through a Retail Installment Contract with borrower Zeal

Torres dated March 20, 2025. Ally admits that the loan was delinquent, the account was charged off with an outstanding balance, and that it engaged with SCM to assist with recovery. Ally specifically denies that its financing of the vehicle was merely a "belief".

19. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 19 of the Complaint as they pertain to a co-defendant, and it therefore denies the same.

20. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 20 of the Complaint as they pertain to a co-defendant, and it therefore denies the same.

21. The allegations set forth in Paragraph 21of the Complaint are denied.

22. The allegations set forth in Paragraph 22 of the Complaint are admitted in part and denied in part. Ally admits only that Plaintiff contacted Ally in August 2026. Ally denies that it has possession of the vehicle. Ally states that Plaintiff has had possession of the vehicle since on or about August 7, 2026.

23. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 23 of the Complaint as they pertain to a co-defendant, and it therefore denies the same.

24. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 24 of the Complaint as they pertain to a co-defendant, and it therefore denies the same.

25. The allegations set forth in Paragraph 25 of the Complaint are denied.

26. The allegations set forth in Paragraph 26 of the Complaint are denied.

**COUNT 1 – ILLEGAL REPOSSESSION**

27. Ally incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. The allegations set forth in Paragraph 28 of the Complaint are denied.

29. The allegations set forth in Paragraph 29 of the Complaint are denied.

**COUNT 2 – VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**

30. Ally incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. The allegations set forth in Paragraph 31 of the Complaint, including subparagraph (a), pertain to co-defendants, and therefore no response is required. To the extent a response is required, the allegations are denied.

32. The allegations set forth in Paragraph 32 of the Complaint pertain to co-defendants, and therefore no response is required. To the extent a response is required, Ally denies that Plaintiff is entitled to any damages, attorney fees or costs whatsoever.

**COUNT 3 – INJUNCTION AGAINST EFFORTS TO DISPOSSESS THE PLAINTIFF FROM THE PROPERTY**

33. Ally incorporates the foregoing paragraphs as though the same were set forth at length herein.

34. The allegations set forth in Paragraph 34 of the Complaint are denied. Ally states that the vehicle was returned to Plaintiff on or about August 7, 2026.

35. In response to the allegations in Paragraph 35 of the Complaint, Ally denies that Plaintiff is entitled to an injunction against dispossession of the property and costs.

Ally denies that Plaintiff is entitled to any sought in the unnumbered "WHEREFORE" paragraph following Paragraph 35 of the Complaint.

Ally denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs above.

Ally denies that it is liable to Plaintiff in any manner whatsoever under any theory whatsoever.

Ally reserves the right to rely upon any and all defenses as may become known through discovery or at trial.

Ally reserves the right to amend its Answer to Plaintiff's Complaint to conform to the evidence as determined in discovery or at trial.

**AFFIRMATIVE DEFENSES**

Ally hereby sets forth the following affirmative defenses to the Complaint. By asserting the defenses set forth below, Ally does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses. Nor does Ally admit that Plaintiff is relieved of her burden to prove each and every element of her claims and the damages, if any, to which she is purportedly entitled.

1. The Complaint fails to state a plausible claim for which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Ally reserves the right to file a Motion for Judgment on the Pleadings or other dispositive motion seeking dismissal of all Plaintiffs' claims.

2. Ally avers that some or all of the claims made in the Complaint may be barred because Plaintiff lacks standing to the extent Plaintiff has suffered no injury-in-fact.

3. Ally denies that Plaintiff sustained any damages and denies that it proximately caused any of the damages claimed by Plaintiff.

4. Plaintiff cannot recover from Ally to the extent that any damages that Plaintiff may have suffered, which Ally continues to deny, directly and proximately resulted from Plaintiff's acts and/or omissions.

5. Plaintiff cannot recover from Ally to the extent that any damages Plaintiff may have or will suffer as alleged in the Complaint, which Ally continues to deny, have been and/or will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts and/or omissions of persons or entities over whom Ally had no control, and for whose conduct Ally is not responsible, which bars or diminishes any recovery by Plaintiff against Ally.

6. Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has not suffered any actual damages.

7. Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has failed to mitigate their damages.

8. Plaintiff's claims for punitive damages fail to the extent that the Complaint fails to state a claim for relief for punitive damages. Additionally, Ally states that while it does not believe Plaintiff has stated a claim for punitive damages, even if Plaintiff proves an entitlement to any such punitive damage award, Ally is entitled to the affirmative defense that any such award comport with the Due Process clause under the Constitution of the United States of America.

9. At all times relevant, Ally acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

10. Plaintiff's claims may be subject to set-off of all sums due and owing to Ally.

11. Ally reserves the right to assert additional defenses (affirmative and otherwise) as this action progresses and reserves the right to rely upon any and all defenses (affirmative and otherwise) as may become known through discovery or at trial.

WHEREFORE, Defendant Ally Financial Inc., by counsel, respectfully requests that the Court dismiss all of the Plaintiff's claims against Ally, with prejudice, enter judgment in favor of Ally and against Plaintiff, and award Ally such other and further relief as the Court may deem just and appropriate.

DATED: October 9, 2026

**ALLY FINANCIAL INC.**

By: ___/s/ *Michala D. Black Lambert*______

Michala D. Black Lambert (VSB No. 98786)
TROUTMAN PEPPER LOCKE LLP
1001 Haxall Point, Suite 1500
Richmond, Virginia 23219
Telephone: 804-215-3044
Facsimile: 804-697-1339
Email: michala.black@troutman.com

Mark Kundmueller (VSB No. 89737)
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7586
Facsimile: (757) 687-7510
Email: Mark.Kundmueller@troutman.com

*Counsel for Defendant Ally Financial, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of Ocotber 2026, I electronically filed the foregoing *Motion for Extension of Time* with the Clerk of the Court using the CM/ECF system which will send notification to counsel of record.

By: *_/s/_* Michala D. Black Lambert
Michala D. Black Lambert (VSB No. 98786)

*Counsel for Defendant Ally Financial, Inc.*

**PROPOSED ORDER**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISON**

**EMAN SHABAN,**

**Plaintiff,**

**v.** **Civil Action No. 3:26-cv-00872**

**TORRES TOWING, LLC, et al.,**

**Defendants.**

**ORDER GRANTING MOTION FOR EXTENSION OF ANSWER DEADLINE OF DEFENDANT ALLY FINANCIAL INC.**

This matter came before the Court upon Ally Financial Inc.'s ("Ally") *Motion for Extension of Answer Deadline of Defendant Ally Financial Inc.* (the "Motion"). For the reasons set forth in the Motion, and for good cause shown, it is

ORDERED that the Motion is GRANTED.

It is further ORDERED that Ally's deadline to file an answer or other responsive pleading or dispositive motion in response to Plaintiff's Complaint is extended through, and including, October 9, 2026.

IT IS SO ORDERED.

ENTERED:

______________________________
United States District Judge